Jaffe v. Jabberbound W. Gafft Thank you, Your Honor. May it please the Court, this is David Jaffe, Plaintiff Appellant Pro Se. This case raises the question of when, under New York law, may a lawyer voluntarily quit a contingency fee representation in the middle of litigation, yet retain a right to compensation through the Court. Now, here, as I argue in the briefing, the actual cause of Mr. Moskowitz's withdrawal, his use of an ultimatum on the eve of withdrawal, and three, Mr. Moskowitz's failure to be truthful with the District Court, and now with this Court, about the circumstances of his withdrawal, all independently preclude any right to a Now, with respect to actual cause, it is undisputed that Mr. Moskowitz withdrew because of a disagreement over settlement posture, and this fact is undisputed because it is in writing. In his email at page 160 of the Joint Appendix, which is paraphrased at page 11 of the District Court's opinion, Mr. Moskowitz writes that he disagrees with my position regarding, quote, along with a requirement that K&S adopt an ethics program, and he concludes, unless that changes, you will need to find new counsel. And sure enough, after this ultimatum's failed to work, Mr. Moskowitz moved to withdraw the very next day, although in his papers, Mr. Moskowitz hid the ball about why he quit and concealed this settlement ultimatum from the District Court. So, I submit that this appeal can be most straightforwardly resolved by comparing Mr. Moskowitz's settlement ultimatum with this court's recent opinion in Holcomb v. Matsubortuk, which is cited in the briefing. In Holcomb, this court held that when a lawyer seeks to, quote, control the amount of the settlement demand, it improperly threatens to withdraw in an attempt to control the client's decisions of the case, then that lawyer's actions, quote, constitute misconduct and extinguish a lien. And that is exactly what Mr. Moskowitz did here, as evidenced by his own email. He improperly threatened to withdraw in an attempt to control the client's decision. I submit there is truly no way to distinguish between Mr. Moskowitz's settlement ultimatum at page 160 and what this court held in Holcomb amounts to misconduct and extinguishes a lien. This court would need to go no further to decide this appeal. Judge Loyer will have the floor. Is there not enough, or some evidence at least, enough evidence that there are real irreconcilable differences between yourself and Mr. Moskowitz and Fern, and that that's what precipitated the withdrawal? There's certainly evidence. I don't dispute that sort of difficulty working with me, as the district court put it, was the factor in the decision. But the legal standard is that it needs to be unreasonably difficult for the lawyer to be able to continue to represent the client effectively. I thought that the standard was, the just cause standard, was where there are irreconcilable differences with respect to the proper course to be pursued in litigation. And there was a whole back and forth, obviously, between you and Loyer that showed that you were on opposite ends in terms of how to pursue the litigation. Understood. So irreconcilable differences, which is provided in New York rule 1.16, the irreconcilable differences that actually caused the withdrawal was a irreconcilable difference over settlement. Again, as it states in Mr. Moskowitz's email. The other differences, whether they were even reconciled or not, and some of them were, like the disagreement over experts, because they weren't the straw that broke the camel's back, by definition were insufficient. And if the disagreement, the fundamental disagreement concerns settlement, as comment 7.8 rule 1.16 provides, a disagreement over settlement involves a, quote, fundamental disagreement that permits withdrawal only where no reasonable person would the client's position. And while the district court did not rule on the reasonableness of my position, referring only to my purportedly, according to Mr. Moskowitz's allegations, unrealistic settlement demand, I would submit that the record is sufficient for this court to decide on the fact that my settlement position was not unreasonable as a matter of law. All right. So once you acknowledge that there were at least those differences with respect to the settlement or refusal to settle, then it seems to me that under the applicable New York law, which I think is judiciary law section 475, the lawyer might then be entitled to enforce a court ruling. And this court made clear in Holcomb v. Mastoborczyk, the decision of whether to settle the case or not to settle belongs to the client and not the lawyer. And the lawyer near disagreement with the client's settlement position is not a fundamental disagreement for purposes of giving an attorney good cause to withdraw. I would again say to comment 7A to New York ethics rule 1.16, which states that a client's intended action, including over settlement, does not create a fundamental disagreement simply because the lawyer disagrees with it. And here I would submit that the evidence shows at most that Mr. Moskowitz disagreed with my rebuttal. It's not the kind of fundamental disagreement that permits a lawyer to withdraw and still get paid. All right. Although the settlement was not the only reason that the district court pointed out, but I understand what you're saying. Okay. Thank you. Judge Walker here. Judge Walker. Yeah. I have a question and that is if you take the settlement and put it aside, wouldn't there have been sufficient evidence of circumstances that would constitute just cause for an attorney to resign? Thank you, your honor. I would submit that there would be conclusive evidence that Mr. Moskowitz did not want to resign for any of those other reasons or all of them combined. And here I would again. Why do you say that? I mean, it just could have been that there was, you know, at some point, he just said, there's no way we can ever work. I can never work with this with you. Understood. I would again refer the court to Mr. Moskowitz's email at page 160 of the joint appendix, where what he says is, unless your settlement passes for changes and there's no other disagreement reference there, unless your settlement posture changes, you will need to find new counsel. And the corollary to that is if your settlement posture does change, then you will not need to find new counsel. Had he truly found it too difficult to work with me and had that even been a substantial factor in the decision, that I believe that a change in my settlement posture alone wouldn't have solved the problem. And he would have said as much, for example, the attorneys in Stinson v. City of New York, which is cited in the briefing, demanded that the client change both A, her settlement posture, and B, her behavior. And even in that case, the district court found that the attorneys were not entitled to a charging lien because they withdrew over settlement. But here, Mr. Moskowitz didn't do that, as he was more than happy to work with me, as the district court acknowledged, so long as the work involved getting a foreseeable quick settlement from which he would obviously be entitled to a percentage. So I think his own conditioning, the representation on only settlement and nothing else, shows that those other reasons were not sufficient for him to want to withdraw. Okay. Thank you. Judge Katzman, I have a question that really follows up on... If we put aside various legal issues in the case, what's happening in this case, as I understand it, is represents you as succeeded through summary judgment. You yourself indicated that they had done at least through that point. You don't pay your bills. You insult the lawyer you're working with. You repeatedly invite the firm to withdraw if they don't want to work with you anymore. They finally do. They shouldn't get anything. How is that possible? Well, I would say that what I asked the firm to do was not withdraw, but to help me transition to a different counsel of whom I see eye to eye. And if Mr. Moskowitz had cooperated with me on that, there's no question. I agree that he would absolutely be entitled to compensation. But again, as the court held in Holcomb, if a lawyer's happy to work with you and he was happy to work with me, so long as it involves a quick settlement, so long as my settlement posture changes, and also, again, I hasten to add, misleads the district court by not giving the actual reason for withdrawal, and even now misleading this court by making provably false statements, as was the subject of the motion to supplement, then when the lawyer tries to lien, it's an equitable matter forfeited. Thank you. We'll now hear from your adversary. Thank you, Your Honor. May it please the court, Andrew Moskowitz. Your Honors, essentially what Mr. Jaffe is asking is for this court to review the factual findings of the district court, and that's entitled to deference. It's a clear error standard. The district court considered Mr. Jaffe's claim that Judge Iron failed to consider a real reason for withdrawal as counsel, which he says was disagreement over litigation strategy, but she rejected it. She then, Judge Caproni then went on to say that assuming that that deciding Judge Iron erred in failing to consider the true reason, the court concludes we did withdraw for reasons that constitute a good cause. And she specifically said it to reconcile the differences. There is so much evidence in this record of all the personal attacks that were made by Mr. Jaffe against me and against my partner. He sought to withdraw. He asked that I fire him on numerous occasions. And as I said, he insulted me. And we're an open court, so I'm not going to disclose exactly what he said, but it's all before the court on page 85, 87 of the joint appendix. And in May 31st, June 1st, June 18th, June 22nd, he threatened to replace me. He disagreed with us regarding case management and retention of experts, and he acknowledges all this in his brief. He would not allow me to involve my partner as co-counsel. And he's correct. I did not have that. That email was not part of the record, and I didn't remember an email that was sent two years ago. I eventually acceded to that request. Nevertheless, he insulted him with a swear word. There's no question that there were irreconcilable differences and that he simply would not let me do my job. Now, with regard to the argument that I wouldn't accept his recommendation regarding settlement, or that he wouldn't accept our recommendation regarding settlement, I think it's important to point out on July 24th, 2008, when he responded to our motion to withdraw, he never alleged that the amount of the settlement demand was the actual cause of withdrawal. He never alleged that an ultimatum had been issued that he reduced his number. That's at 153 to 158 of the joint appendix. Your two minutes have expired, and Judge Lawyer will continue with the questions. I have no questions. Judge Walker? No questions. I have one question about the June 19th, 2018 email. Misunderstanding. You say in your brief that although Jaffe asked you if you would agree, you, and I quote, did not respond affirmatively, but that you, in fact, responded affirmatively within the minute? That's correct, Your Honor. I was working from the record that was on appeal, and I went through the record, and I was incorrect. I did respond and said, okay, I'll agree with you on that, and I certainly had no intention of misleading this court, but there were so many other disagreements, and that does not excuse the fact that he says that, well, you're not going to be able to use your partner does not permit him to refer to my partner with a swear word. It does not permit him to refer to me as a swear word, and I think the district court, what she said is that while a client always has the right to seek new counsel, he or she is not entitled to taunt and manipulate his current attorney with that possibility or With respect to the June 19, 2018, email, you are withdrawing a presentation that you had made in your brief. That's correct. Okay, thank you. Jaffe, you'll have two minutes for rebuttal. Judge, may I just add one other point? Okay, go ahead. I'm sorry. Sorry. I just, I think the district court, you know, she's, as I said, these are all factual findings of personal attacks and demands over litigation strategy and management, random representation, unreasonably difficult, and Judge Caprone summed it up. Not only was Mr. Jaffe not paying his bills on time, not only was he an extremely difficult client, but there's no foreseeable prospect of resolving out of the case of the differences between A.W. and Jaffe, and again, I just want to point out, the issue was not the amount of the settlement. The issue was that when we met on June 26, he would not commit to any number that he would accept to settle the case, and that's a 160 of the record, and I certainly never, a brief email exchange never, as the district court found, that never was supposed to be a comprehensive recitation of all the reasons why we were withdrawing. Mr. Jaffe sent me an email, and I responded. It was not intended to be a comprehensive recitation of the entire history of the case. Thank you, Your Honor. Thank you. Mr. Jaffe? Thank you, Your Honor. Three very quick points. First, with respect to not paying my bills, failure to pay bills or obligations is a self-contained reason for withdrawal in Rule 1.16c5. That was Mr. Moskowitz's primary reason for withdrawal initially, but because it was so weak on its face, Mr. Moskowitz never actually sent me a bill, gave me any notice, any deadline to pay. That basis wasn't really credited by either the magistrate judge or the district court. Mr. Moskowitz states that I never made, argued below that there was, he issued an ultimatum, 154 of the joint appendix. In 2018, my letter to the district court says Mr. Moskowitz, quote, gave me the following written ultimatum, and Mr. Moskowitz stated that that letter doesn't all the reasons for his withdrawal. The thing is, it doesn't state any of the reasons. It's not a letter where he's saying he wants to withdraw. He's saying he wants to remain as my lawyer, but only if I change my settlement posture. And finally, in terms of the disagreement over which Mr. Moskowitz now states he did, in fact, agree to disagree and respect the other's opinion, Mr. Moskowitz himself stated in his briefing before this court that this is the central issue to his claim. So mere days before he moved to withdraw and told the district court that he just couldn't get along with me anymore, he was privately reassuring me at the exact same time of the opposite, that we would agree to disagree and respect the other's opinion. At a time when trial was, you know, months away, and sometimes obviously things become emotionally unguarded, I genuinely felt that we would agree to disagree and respect the other's opinion, as he had reassured me. Thank you. Thank you both for your arguments. The court will reserve decision.